[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court in the above entitled case appointed a committee of one to evaluate the video stores which are the parties' chief assets. The person appointed is Frank E. Beane, Jr. of New England Business Advisors located at 196 Danbury CT Page 3546 Road, Wilton, Connecticut. His qualifications, which are extensive, are annexed to this opinion. Mr. Beane completed his appraisal on September 14th of 1990 and a court hearing was held on October 16th, 1990 at which both parties appeared and declined to subpoena Mr. Beane for cross-examination.
At that hearing, the defendant testified that he was in the process of negotiating a possible sale of both stores at an asking price of $350,000.00. He had no written offer nor letter of intent, and he had refused to tell his wife who the person was seeking to purchase the business or to discuss the matter with her in any way.
The court ordered the defendant to supply plaintiff's counsel with any letter of intent as soon as he received it and to also give plaintiff's counsel the name and address of the person with whom he was negotiating.
The matter was continued until October 30th, 1990, for the parties to reach an agreement or in the interim for the court to make a decision. This is the court's decision absent any agreement before this decision is filed.
Mr. Beane's evaluation fixed the value of both stores at $265,000.00. The court has already decided that the plaintiff is entitled to 40 per cent of the total valuation of the stores, 40 per cent of $265,000.00 is $106,000.00.
Mr. Beane has estimated the total value of the Westport store at $131,175.00 and the Fairfield store at $133,825.00.
The court orders the defendant to convey to the plaintiff all his right, title and ownership in the Westport store upon receipt from the plaintiff of a check in the amount of $25,175.00 or a note and mortgage in that amount payable five (5) years from date with an interest of ten (10) per cent per annum, at the option of the plaintiff. The defendant shall retain total ownership of the Fairfield store.
It is ordered that the fee of Mr. Frank Beane, appointed as a committee by the court, shall be shared equally by both parties and must be paid within two weeks from the date of this judgment.
All of the orders contained in the original memorandum of decision as well as the body of that memorandum remain in effect and are incorporated by reference into this decision. In light of the distribution of the property, each party shall pay his/her own counsel fees and expenses and no periodic alimony is CT Page 3547 awarded.
MARGARET C. DRISCOLL STATE TRIAL REFEREE